**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4479**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JIMMY MCKOY ROUSE,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00194-D-1)

───────────────

Submitted:  April 1, 2024                          Decided:  May 8, 2024

───────────────

Before AGEE, WYNN, and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**: Samuel B. Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, W. Connor Winn, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Appellate Chief, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Jimmy McKoy Rouse of conspiracy to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C), and 846; three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of heroin, in violation of § 841(a)(1), (b)(1)(C); three counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(D)(ii); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court sentenced Rouse to 600 months of imprisonment, and he now appeals.  We affirm.

Rouse first argues that the district court abused its discretion by admitting testimony from the Government's two expert witnesses who tested the recovered drugs.  Rouse contends that the reports of the results of the tests were not comprehensive enough to indicate the reliability of the testing instruments, and the experts were not able to testify as to the last time the instruments were calibrated, maintained, or cleaned.  We review for abuse of discretion the district court's decision regarding the admissibility of evidence. *United States v. Hart*, 91 F. 4th 732, 742 (4th Cir. 2024).  A district court abuses its discretion if the ruling is arbitrary and irrational. *United States v. Palacios*, 677 F.3d 234, 242 (4th Cir. 2012).

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education" may give opinion and other testimony if: "the expert's . . . knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; . . . the

2

testimony is based on sufficient facts or data [and] is the product of reliable principles and methods; and . . . the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. "The proponent of the testimony must establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

> [A] district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable. In performing this gatekeeping role, a district court is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule.

*United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (cleaned up). "Generally, the test for exclusion [of expert testimony] is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered." *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799 (4th Cir. 1989).

Here, while one expert did not have the calibration or maintenance logs for the instruments with him during his testimony, he testified to the established monthly procedures employed to maintain the instruments used for testing, as well as his own knowledge that the machines he used worked properly based on his use of them. The second expert witness testified she tests the functionality of her instruments often, and she provided maintenance records for them. Moreover, both experts testified that they run "blank" tests when appropriate to prevent cross-contamination, and they compared the results of their tests against appropriate reference materials. Based on this evidence, we

conclude that the court did not abuse its discretion by admitting the testimony of the Government's two expert witnesses pursuant to Rule 702.[1]

Next, Rouse argues that the district court abused its discretion by excluding his expert witness's testimony at trial because Rouse did not provide notice of his intent to call the witness until the morning of the trial. We review for abuse of discretion a district court's ruling to exclude an expert witness based on the timeliness of notice. *See United States v. Holmes*, 670 F.3d 586, 598 (4th Cir. 2012) (explaining that, because prior version of Fed. R. Crim. P. 16 was silent as to the timing of expert witness disclosures, appellate courts review district court's timeliness determination for abuse of discretion).

Federal Rule of Criminal Procedure 16(b)(1) sets forth a defendant's duty to disclose information to the Government.

> [T]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

Fed. R. Crim. P. 16(b)(1)(C).[2] Under Rule 16(d)(2)(C), "[i]f a party fails to comply with this rule, the court may prohibit the party from introducing the undisclosed evidence." "In

---

[1] To the extent Rouse contends on appeal that the Government's expert testimony should have been excluded because the Government failed to comply with its obligations under Fed. R. Crim. P. 16, we find this claim to be without merit.

[2] The rule has since been amended to require a district court to set timelines for these disclosures.

addition to this specific authority, district courts are to exercise their sound discretion in all rulings related to the admission and exclusion of evidence, and this Court will not reverse the decision to exclude such evidence absent abuse of that discretion." *Holmes*, 670 F.3d at 598.

We have previously upheld a district court's exclusion of a defense's expert witness when the notice of testimony was given on the first day of trial. *See United States v. Dorsey*, 45 F.3d 809, 816 (4th Cir. 1995). Here too, the district court did not abuse its discretion by excluding Rouse's expert's testimony.

Finally, Rouse asserts that the district court imposed a sentence that is substantively and procedurally unreasonable. Rouse contends the court erred in calculating his base offense level, applying several enhancements to the offense level, and failing to consider all factors set forth in 18 U.S.C. § 3553(a). In evaluating a district court's calculation of the advisory Sentencing Guidelines range, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017).

However, a Guidelines error is harmless—and, thus, does not warrant reversal—if "the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (alterations and internal quotation marks omitted). Here, the district court stated that the 600-month sentence was appropriate based on factors set forth in § 3553(a), and it would have imposed the same sentence even if it erred in

5

calculating the advisory Guidelines range. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014). Therefore, the court would have reached the same sentence even if it had resolved Rouse's challenge to the Guidelines calculations in his favor.

Under the second prong of this inquiry, when reviewing the substantive reasonableness of a sentence, we "must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in §3553(a)." *Mills*, 917 F.3d at 331 (brackets and internal quotation marks omitted). "And while we presume that sentences within the advisory Guidelines range are substantively reasonable, even sentences that vary outside the Guidelines range are entitled to due deference." *Gomez-Jimenez*, 750 F.3d at 383.

The district court thoroughly considered the § 3553(a) factors, including the serious nature of the offenses, Rouse's propensity for violence, the need to protect the community, and Rouse's extensive pattern of criminal activity, which included repeated drug-related convictions in the state court. In light of the district court's analysis of the § 3553(a) factors, the 600-month sentence is reasonable, even though it constitutes a significant upward variance, and any error in the court's calculation of the Guidelines is harmless.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*